IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY SHANNON                                                                                    PLAINTIFF

v.                                                                                    NO. 1:10CV294-SA-JAD

FOUNTAINBLEAU MANAGEMENT
SERVICES, LLC                                                                                   DEFENDANT

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion to Remand to State Court and Defendant's Motion in Limine to Exclude Plaintiff's Stipulation from Consideration in Ruling upon Plaintiff's Motion to Remand. Because Defendant has failed to show by a preponderance of the evidence that the amount in controversy likely exceeds $75,000, the Court grants Plaintiff's motion to remand and remands this cause to the County Court of Lee County, Mississippi. Defendant's motion in limine is denied as moot.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

Plaintiff commenced this suit in the County of Court of Lee County, asserting claims for negligence, gross negligence, breach of the implied warranty of habitability, breach of contract, breach of the covenant of good faith and fair dealing, and emotional distress against Defendant Fountainbleau Management Services, LLC, arising out of its management of an apartment complex in Tupelo, MS. The complaint's prayer for relief recites the following: **"WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for actual damages, punitive damage [sic], and such other relief as the Court may deem fair and just in an amount not to exceed $75,000, exclusive of costs."

1

Defendant timely removed this case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Regarding the amount in controversy, the Notice of Removal simply states, "Notwithstanding Plaintiff's recitation in his Prayer for Relief, the actual amount in controversy exceeds $75,000, exclusive of interest and costs." Plaintiff has filed a motion to remand to state court. Plaintiff has additionally filed a stipulation signed by the Plaintiff which states: "COME NOW, the Plaintiff in the above entitled action and stipulate that they do not seek and will not accept an award in their favor and against Defendant in excess of $75,000.00, exclusive of costs." Defendant has filed a response in opposition to the motion to remand as well as a motion in limine to exclude the Plaintiff's stipulation from consideration in the Court's ruling on the motion to remand.

**REMAND STANDARD**

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has

held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

Specifically, in cases such as this one, where the plaintiff concedes that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages—as set forth in the complaint—normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

As a result, unless the removing defendant can meet its burden, a plaintiff may normally avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. See St. Paul Mercury, 303 U.S. at 294, 585 S. Ct. 586 (holding that plaintiff who does not "desire to try his case in federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.

3

1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

## DISCUSSION

I.  Motion to Remand

As recited above, the amount claimed by a plaintiff "remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." De Aguilar, 47 F.3d at 1412. The preponderance burden forces the defendant "to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." Id. at 1412 (emphasis in original). The defendant must produce evidence that establishes that the actual amount in controversy exceeds the jurisdictional amount. Id. Removal cannot be based simply upon conclusory allegations. Allen, 63 F.3d at 1335. Here, Defendant did not present evidence to the court indicating that the Plaintiff has not acted in good faith in seeking less than the minimum federal jurisdictional amount.

However, Defendant argues that it has met its burden of proof because, notwithstanding the ad damnum clause, it is "facially apparent" that the amount in controversy exceeds $75,000 based on the allegations in the complaint and the request for punitive damages. The Fifth Circuit has held that a removing Defendant can satisfy its burden of proof regarding the amount in controversy "by demonstrating that it is 'facially apparent' that the claims are likely above $75,000." See, e.g., Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). However, the problem with Defendant's argument is two-fold.

First, the Fifth Circuit has generally utilized the "facially apparent" test where a complaint fails to allege a dollar amount of damages. See Allen 63 F.3d at 1335 ("[W]e have applied different

4

standards of proof depending upon whether the complaint alleges a dollar amount of damages."); Manguno, 276 F.3d at 723 ("We ordinarily consult the state court petition to determine the amount in controversy . . . However . . . [W]here, as here, the petition does not include a specific monetary demand . . . . ); Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003) ("[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is adequate. To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 . . . ."); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999) ("We have recently articulated . . . a clear analytical framework for evaluating jurisdiction for cases . . . with no monetary amount of damages asserted . . . ."); Luckett, 171 F.3d at 298; Greenberg, 134 F.3d at 1253 ("In removal practice, when a complaint does not allege a specific amount of damages . . . . The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.").

Second—and in any event—Defendant has offered nothing more than conclusory allegations that the jurisdictionally required amount in controversy is present. See Allen, 63 F.3d at 1335. Because the complaint unambiguously demands damages "not to exceed $75,000," it is not facially apparent that the jurisdictional amount in controversy requirement is satisfied. See Adams v. Williams, 2009 WL 1585972, at *2 (S.D. Miss. June 4, 2009); Beichler v. Citigroup, Inc., 241 F. Supp. 2d 696, 699 (S.D. Miss. 2003).[1] While Plaintiff's claims "could possibly exceed $75,000.00

---

[1] In certain circumstances, such as a large number of plaintiffs seeking punitive damages (which, in Mississippi, must be aggregated in determining if the jurisdictional amount is present), it may be facially apparent that the jurisdictional minimum is present despite each individual

. . . such is not 'obvious' to the Court." Beichler, 241 F. Supp. 2d at 701. Accordingly, because the Defendant has provided no evidence whatsoever that the amount in controversy actually exceeds the jurisdictional amount or that Plaintiff has pled his damages in bad faith, the Defendant has failed to meet its burden of proof. Therefore, the Court grants Plaintiff's motion to remand.[2]

II. Motion in Limine

Defendant has filed a motion in limine seeking to exclude Plaintiff's stipulation from consideration in ruling upon Plaintiff's motion to remand. However, because the Defendant has failed to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied, the Court need not consider the stipulation. Therefore, the Court denies the motion in limine as moot.

III. Sanctions, Attorney's Fees and Costs

Plaintiff has requested in his motion to remand an award of attorneys' fees and costs. In doing so, the Plaintiff invoke 28 U.S.C. § 1447(c), which provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result

---

plaintiff requesting an award of damages below the jurisdictional threshold. Compare Amos v. Citifinancial Corp., 243 F. Supp. 2d 587, 590-91 (N.D. Miss. 2003) ("no question" that aggregated punitive damages claims of 499 plaintiffs exceeded jurisdictional amount) and Agnew v. Commercial Credit Corp. 2002 WL 1628537, at *2 (S.D. Miss. July 11, 2002) (No doubt that 114 plaintiffs' claims for punitive damages collectively exceeded $75,000) with Beichler, 241 F. Supp. 2d at 701 (aggregated punitive damages claims of six plaintiffs did not obviously exceed jurisdictional amount). As this case involves only a single plaintiff, such circumstances are not present in this case.

[2]Defendant's alternative request for additional time to conduct remand related discovery will be denied. On the face of the complaint, it is apparent Plaintiff sought less than $75,000, and it "[i]t was [D]efendant's burden to show otherwise when it removed the case, not to remove first and ask questions later." See Beall v. Conoco Phillips Co., 2008 WL 2433579, at *3 n.6 (M.D. La. June 16, 2008).

6

of the removal."

The Supreme Court and the Fifth Circuit have held that while district courts have discretion in deciding whether to award costs and fees to non-removing parties, the central question that district courts must consider in exercising their discretion is whether the removing party had objectively reasonable grounds to believe that removal was legally proper. Martin v. Franklin Captial Corp., 546 U.S. 132, 138, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). Here, although it is a close question, the Court finds that the removing Defendant had objectively reasonable grounds to believe that removal was legally proper; the question of potential federal jurisdiction was legitimate, and an award of fees, costs, or sanctions is not justified. As such, the Plaintiff's request for costs, fees, and sanctions is denied.

## CONCLUSION

The Court concludes that the Defendant has failed to meet its burden of showing that the minimum jurisdictional amount is present. The face of the complaint clearly states that Plaintiff is not seeking an award of damages in excess of $75,000. Further, the Defendant has not provided the Court with any evidence that would support a finding that the amount in controversy actually exceeds $75,000. The Plaintiff's motion to remand is GRANTED and this case is REMANDED to the County Court of Lee County, Mississippi.

SO ORDERED on this, the 6th day of July, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**